Ridgway *v.* Barnard.

• • •

## RIDGWAY *vs.* BARNARD.

Where a sheriff dies, while in office, after having taken a bond for the jail liberties from a person imprisoned upon a *ca. sa.,* and a new sheriff is thereupon appointed, and a certificate of his appointment signed by the county clerk, is served upon the under sheriff, such prisoner, and the bond for the jail liberties, must be assigned by the under sheriff to the new sheriff, within ten days, or the prisoner will be at liberty to go at large. After the expiration of that period, the new sheriff has nothing to do with the prisoner, and the power of the under sheriff is at an end.

Hence, no action can be maintained, upon the bond, by an assignee of the under sheriff, by virtue of an assignment executed after the expiration of the ten days.

APPEAL from a judgment entered at a special term. The action was upon a bond given to the late sheriff of Kings county, upon his admitting to the jail limits, or jail liberties, one James Conroy, who was imprisoned on a *ca. sa.* The plaintiff claimed to recover upon the bond, by virtue of an assignment thereof, executed by the under sheriff of the former sheriff, some seven months after the appointment of a new sheriff and notice thereof to the under sheriff. Judgment was given for the defendant, and the plaintiff appealed.

*James Ridgway,* plaintiff, in person.

*Daniel P. Barnard,* defendant, in person.

*By the Court,* BROWN, J. I still think, as I thought upon the trial, that the plaintiff cannot recover in this action. Whatever rights he has to the bond he derives under the assignment from Caspian A. Sparks, late under sheriff of the county of Kings ; and unless his assignor could have maintained an action upon the bond, no right of action passed to the assignee. The bond was given to Jerome Ryerson, late sheriff of Kings, upon admitting to the limits of said liberties James Conroy, imprisoned upon a *ca. sa.* at the suit of Margaret Daker. The sheriff died on the 31st of March, 1857, after the execution of the bond, and while the prisoner Conroy was in custody upon the limits, leaving Caspian A. Sparks his under sheriff. On the 6th of April, 1857, Burdett Stryker was duly appointed the sheriff, and on the same day he served an official certificate of his appointment and qualification upon the under sheriff, Sparks, pursuant to the 70th section of the act in regard to proceedings on the election or appointment of a new sheriff. (2 *R. S.* 438.) Sparks neither assigned the prisoner Conroy nor the bond in question to the new sheriff. The witness Sparks testified that the bond could not be found in time to be assigned to the new sheriff. No question was made upon the trial as to the escape of Conroy, but the only point in dispute was the right of the under sheriff to retain him in his custody after the lapse of ten days from the time of the service of the certificate of the election and qualification of the new sheriff. Section 72 of the act directs the former sheriff, within ten days after the service of the certificate, to deliver to his successor the jails, prisoners, process, orders, rules, commitments, writs, &c. enumerated in the subdivisions 1 to 5 of the section. And section 71 declares that upon the service of the certificate, the powers of the former sheriff, except when otherwise provided by law, shall cease. The case of *Hinds* v.

Ridgway *v.* Barnard.

*Doubleday,* (21 *Wend.* 223,) is decisive of the question in dispute. The court there held that the statute not only confers a benefit but imposes a duty upon the old sheriff. That if he could maintain an action for an escape when he had omitted to assign over the prisoner, he would be driven to allege his own breach of duty in order to maintain the action. The court came to the conclusion " that the legislature intended the powers of the old sheriff, in relation to all prisoners in his custody, should cease within ten days after the service of the certificate that the new sheriff had entered upon the duties of his office. If the common law powers of the old sheriff to continue the execution of final process against the body is taken away by the statute—as I think it is—prisoners who are not assigned within the ten days will be at liberty to go at large. The new sheriff has nothing to do with them, and the power of the old sheriff is at an end. If he cannot enforce the imprisonment by direct means, he cannot do it indirectly by suing the bond given while the restraint was legal." I cannot distinguish between that case and the present. That was an action by the sheriff on the bond, and this is brought by the late sheriff's assignee. In all other respects they are identical.

The judgment should be affirmed.

[KINGS GENERAL TERM. December 14, 1858. *S. B. Strong, Emott* and *Brown,* Justices.]